IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH DURAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CELINE CERVANTES, et al.,<br><br>　　　　Defendants. | No. 2:20-CV-0320-DMC-P<br><br><br><br>ORDER |

　　　　Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion for the appointment of counsel, ECF No. 9.

　　　　The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id. In Terrell, the

Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances. Plaintiff argues appointment of counsel is warranted because he is seeking class certification, which he cannot do pro se. See ECF No. 9, pg. 1. He also cites his incarceration and inability to obtain counsel on his own. See id. These are not exceptional circumstances. Moreover, a review of the docket reflects that Plaintiff is able to articulate his claims on his own. In this regard, the Court observes that Plaintiff's filings have been type-written, logical, and well organized. Further, as discussed in the accompanying order addressing Plaintiff's claims, the legal and factual issues concerning Plaintiff's allegation of the denial of fresh fruit are not complex and, as currently pleaded, Plaintiff has no chance of success on the merits.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request for the appointment of counsel, ECF No. 9, is denied.

Dated: October 30, 2020

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE