**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSEPH DURAN, | No. 2:20-CV-0320-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| CELINE CERVANTES, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's complaint, ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

Plaintiff names the following as defendants: (1) Celine Cervantes, Lieutenant; (2) Pailoli, Sergeant; and (3) Fountain, Correctional Officer.  See ECF No. 1, pg. 2.  Plaintiff alleges that he was denied fresh fruit in some, but not all, of his prison meals between May 2019 and December 2019.  See id. at 2-6.  According to Plaintiff, the denial of fresh fruit constituted cruel and unusual punishment in violation of the Eighth Amendment.

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

In the context of meals, the Eighth Amendment requires ". . .only that prisoners receive food that is adequate to maintain health. . . ." LeMaire v. Maass, 12 F.3d 1444, 1456 (9th Cir. 1993).  Here, Plaintiff has not alleged how the denial of fresh fruit in some, but not all, of his prison meals resulted in a denial of food that was adequate to maintain his health.  Notably,

1  Plaintiff does not allege he suffered any adverse health consequences as a result of the denial of
2  fresh fruit in some of his meals.

3  Because it is possible that the deficiencies identified in this order may be cured by
4  amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire
5  action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is
6  informed that, as a general rule, an amended complaint supersedes the original complaint.  See
7  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to
8  amend, all claims alleged in the original complaint which are not alleged in the amended
9  complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if
10  Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make
11  Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be
12  complete in itself without reference to any prior pleading.  See id.

13  If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the
14  conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See
15  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how
16  each named defendant is involved, and must set forth some affirmative link or connection
17  between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d
18  164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

19  Finally, Plaintiff is warned that failure to file an amended complaint within the
20  time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at
21  1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply
22  with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b).
23  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

3

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint, ECF No. 1, is dismissed with leave to amend; and

2. Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

Dated: October 30, 2020

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE